IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOHNNY WILLIAMS,**

    **Plaintiff,**

v.

**JOE MILLER, et al.,**

    **Defendants.**                                                                                               **Case No. 03-524-DRH**

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

### I. INTRODUCTION & BACKGROUND

This matter comes now before the Court on four separate pending Motions to Dismiss (Docs. 13, 19, 21 and 31), filed by Defendants in regards to Plaintiff's Amended Complaint, which was filed pursuant to **42 U.S.C. § 1983** (Doc. 11). Plaintiff filed a Motion for Extension of Time to Respond to these Motions to Dismiss. (Doc. 25.) The Court granted Plaintiff's motion, allowing him until October 15, 2005 to file his Response to the motions to dismiss. (Doc. 33.) To date, Plaintiff has failed to file a single response or ask for further additional time.

Plaintiff's Amended Complaint (Doc. 11) consists of seven counts:

Count I - violation of Plaintiff's constitutional rights under **42 U.S.C. § 1983** against defendants Joe Miller, Brian Shinkle, Kevin Kakac, Rick Snyder, Jerry Joslin, Edwards County, Illinois and Wayne County, Illinois, each in their individual and official capacities;

<u>Count II</u> - violation of Plaintiff's constitutional rights under **42 U.S.C. § 1985** against defendants Joe Miller, Brian Shinkle, Kevin Kakac, Rick Snyder, and Jerry Joslin;

<u>Count III</u> - False Imprisonment against defendants Joe Miller, Brian Shinkle, Kevin Kakac, Rick Snyder, Jerry Joslin, each in their individual capacity;

<u>Count IV</u> - Negligent Infliction of Emotional Distress against defendants Joe Miller, Brian Shinkle, Kevin Kakac, Rick Snyder, Jerry Joslin, each in their individual capacity;

<u>Count V</u> - Intentional Infliction of Emotional Distress against defendants Joe Miller, Brian Shinkle, Kevin Kakac, Rick Snyder, Jerry Joslin, each in their individual capacity;

<u>Count VI</u> - violation of Plaintiff's constitutional rights under **42 U.S.C. § 1983** against defendants Jerry Joslin, Bob Chapman, Rick Snyder, Unknown Police Officer #1, Unknown Police Officer #2, Unknown Police Officer #3, Wayne County, Illinois, Edwards County, Illinois and City of Fairfield, Illinois, each in their individual and official capacities; and

<u>Count VII</u> - violation of Plaintiff's constitutional rights under **42 U.S.C. § 1983** against defendants Greg Balackman and Edwards County, Illinois, in their individual and official capacities.

The first Motion to Dismiss was filed on behalf of defendant City of Fairfield, Illinois ("Fairfield"). (Doc. 13.) In its supporting memorandum, Fairfield notes that it is only included in Count VI of Plaintiff's Amended Complaint. (Doc. 14, p. 2.) Further, Fairfield asserts that Plaintiff's claim against it is time barred under the two-year statute of limitations applicable to **§ 1983** claims set forth in **735 ILL. COMP. STAT. 5/13-202**. (*Id.*, citing ***Farrell v. McDonough*, 966 F.2d 279 (7th Cir. 1992)**.) Fairfield states that Plaintiff's claim against it appears to have accrued sometime between January 2001 and May 2001. (*Id.*) Therefore, neither Plaintiff's

original complaint (filed on August 14, 2003 - Doc. 1) nor his Amended Complaint is timely and Fairfield requests the Court to dismiss Count VI of Plaintiff's Amended Complaint and dismiss Fairfield as a party to the suit. (*Id.*)

The next Motion to Dismiss was filed on behalf of defendants Joslin, Chapman, and Wayne County, Illinois, requesting pursuant to **Rule 12(b)** that Counts I through VI be dismissed. (Doc. 19.) As substantiated in Defendants' supporting memorandum (Doc. 20), it is asserted that Counts I, II and VI of Plaintiff's Amended Complaint are barred by the applicable two-year statute of limitations set forth in **735 ILL. COMP. STAT. 5/13-202**. Similarly, Defendants also argue that Counts III, IV and V are barred by the one-year statute of limitations set forth in **§ 8-101** of the Local Governmental and Governmental Employees Tort Immunity Act. (Doc. 19, ¶ 2, citing **745 ILL. COMP. STAT. 5/8-101**.) Lastly, Defendants argue that Plaintiff cannot state a claim against "unknown defendants" or "unknown law enforcement officers." The Defendants thereby request the Court to dismiss all counts of Plaintiff's Amended Complaint filed against said Defendants.

The third Motion to Dismiss was filed on behalf of defendants Snyder, Balackman, Miller, Shinkle and Kakac. (Doc. 21.) In their motion, Defendants assert that Plaintiff's cause of action against defendants Shinkle, Kakac and Chapman are barred by the two-year statute of limitations set forth in **735 ILL.**

COMP. STAT. 5/13-202.[1] (*Id.* at ¶ 4, citing **Wilson v. Garcia, 471 U.S. 261 (1985)**.) Moreover, Defendants argue that Plaintiff has failed to state a cause of action against any of the moving Defendants, as all of the counts in his Amended Complaint are based upon new theories (in other words, they do not relate back to the counts in his initial complaint) and therefore time-barred under the two-year statute of limitations. (*Id.* at ¶¶ 7-10.) Additionally, Counts I through IV appear to attack the validity of Plaintiff's conviction and confinement, which Defendants assert, is not allowed. (*Id.* at ¶ 11, citing **Heck v. Humphrey, 512 U.S. 477 (1994)**.) Finally, Defendants offer their affirmative defense of prosecutorial immunity, regarding Plaintiff's claims against defendants Shinkle and Kakac, as well as absolute immunity regarding Plaintiff's claims against defendant Miller (as a probation officer). (*Id.* at ¶ 12.) Defendants' supporting memorandum substantiates their arguments. (Doc. 22.) As such, Defendants request the Court to dismiss all counts of Plaintiff's Amended Complaint.

The final Motion to Dismiss was filed on behalf of defendant Shinkle. (Doc. 31.) Similarly, in this motion, Defendant asserts that Counts I through V are time barred under the two-year statute of limitations set forth in **735 ILL. COMP. STAT. 5/13-202**. (*Id.* at ¶ 5.) Accordingly, defendant Shinkle requests his dismissal as a party to the action.

---

[1] In their motion, Defendants note that Shinkle, Kakac and Chapman were not parties to the suit until Plaintiff filed his Amended Complaint on February 28, 2005, and the very latest Plaintiff's cause of action could have accrued was November 6, 2001. (*Id.* at ¶¶ 2-3.)

## II.  ANALYSIS

As mentioned previously, Plaintiff did not respond to any of Defendants' motions to dismiss, even though he had previously filed a motion for extension of time to respond, which was granted.  More than three months have passed since the extended deadline the Court gave Plaintiff to file his response.  A dismissal of a suit can be based upon a Court's finding of lack of prosecution, stemming from a failure of a plaintiff to respond to a dispositive motion.  **See Bolt v. Loy, 227 F.3d 854, 855-56 (7th Cir. 2000)**.  Further, the Seventh Circuit has held that courts are not required to give a *pro se* plaintiff notice of the consequences of failing to respond to a motion to dismiss.[2]  **See Curtis v. Bembenek, 48 F.3d 281, 288 (7th Cir. 1995)**.

Aside from the apparent want of prosecution, the Court can grant a dismissal if it finds "plausible reasons."  **Kirksey v. R.J. Reynolds Tobacco Co., 168 F.3d 1039, 1041 (7th Cir. 1999)**.  In fact, the Court finds the following passage from **Kirksey** particularly illuminating in this instance:

> Our system of justice is adversarial, and our judges are busy people.  If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning.  An unresponsive response is no response.  In effect the plaintiff was defaulted for refusing to respond to the motion to dismiss.  And rightly so.

***Id.* (citations omitted)**.

---

[2] However, the Court notes that notice is no longer an issue, as Plaintiff is no longer acting *pro se* but has been represented by counsel at least as early as June 2005.  (*See* Doc. 30.)

Similarly, in an unpublished opinion issued by the Seventh Circuit, the Court dismissed the plaintiff's **§ 1983** suit for failing to respond to a motion to dismiss and for failing to "proffer some legal basis to support [the plaintiff's] cause of action." ***Markiewicz v. Washington*, 175 F.3d 1020 (Table), Case No. 97-3589, 1999 WL 196596 at \*2 (7th Cir. Mar. 25, 1999)(citing *Kirksey*, 168 F.3d at 1041)**. In sum, the Seventh Circuit deemed that the plaintiff had "forfeited his right to continue litigating [his] claim" and thereby affirmed the district court's dismissal of the case. ***Id.* at \* 2-3**.

In this case, the Court feels that the arguments presented by Defendants in their various motions to dismiss also give "plausible reasons" to support a dismissal. Plaintiff has failed to offer contrary argument as to why his claims should not be time-barred by the applicable statute of limitations, as stated by Defendants in their motions (among their other legal arguments). Therefore, the Court finds that both Defendants' legal arguments and Plaintiff's lack of prosecution due to his failure to respond to any of the motions to dismiss warrant granting the relief sought by Defendants.

### III. **CONCLUSION**

As such, the Court **GRANTS** Defendants' Motions to Dismiss (Docs. 13, 19, 21 and 31) and hereby **DISMISSES WITH PREJUDICE** Plaintiff's Amended Complaint (Doc. 11).

**IT IS SO ORDERED.**

Signed this 31st day of January, 2006.

/s/          David RHerndon
**United States District Judge**