IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOHNNY H. WILLIAMS,**

    **Plaintiff,**

**v.**

**JOE MILLER, et. al.,**

    **Defendants.**                                Case No.    03-cv-524-DRH-CJP

**MEMORANDUM & ORDER**

**HERNDON, District Judge:**

## I. INTRODUCTION & BACKGROUND

The Defendants have filed four separate Motions to Dismiss (Docs. 13, 19, 21, and 31) in regards to the then pro se Plaintiff's Amended Complaint. The Complaint set forth claims pursuant to 42 U.S.C. § 1983 (Doc. 11). Plaintiff Johnny Williams obtained counsel on June 8, 2005. Plaintiff's counsel then filed a Motion for Extension of Time to Respond to these Motions to Dismiss on September 16, 2005. (Doc. 25.) The Court granted Plaintiff's motion, allowing him until October 15, 2005, to file his Response to the motions to dismiss. (Doc. 33). As of January 31, 2006, Plaintiff had not filed a single response or asked for further additional time. On that date, the Court granted the Defendants' Motions to Dismiss for (1) lack of prosecution due to Williams' failure to respond to any of the Motions to Dismiss and due to (2) the plausibility of the Defendants' legal arguments. (Doc. 34).

Seven days later, on February 7, 2006, Plaintiff filed a Motion for Reconsideration of the Court's dismissal Order (Doc. 36). In the Motion, Plaintiff claimed it had acquired new testimony and was in the process of drafting a Response to the Motions to Dismiss, which would have incorporated the testimony, at the time the Amended Complaint was dismissed. *Id.* Plaintiff also conceded Counts VI and VII of his Amended Complaint are invalid as they fall outside the two year statute of limitations. *Id.* Plaintiff cites no legal authority which authorizes his Motion. *Id.* However, Plaintiff's Motion does include what seem to be responses to allegations in the Motions to Dismiss. *Id.*

Subsequently, Defendants filed their Responses and Motions to Adopt. (Doc. 37, 38, and 40). Defendants argue a motion to reconsider under Rules 59(e) and 60(b) must show newly discovered evidence or a manifest error of law or fact. (Doc. 37, citing **Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996)**). Further, such motions are not intended for the movant to advance for the first time, additional arguments or evidence it had prior to a court's decision. (*Id.*, citing **Moro, 91 F.3d at 876**). Thus, according to Defendants' analysis, Plaintiff's Motion for Reconsideration should be denied for failure to present "cognizable" grounds for altering the Court's Order. (Doc. 37). Defendants also reply to Plaintiff's arguments regarding the Motions to Dismiss, primarily stating they are inaccurate and apply faulted reasoning. (Doc. 38).

In his Reply, Plaintiff cites **FEDERAL RULE OF CIVIL PROCEDURE 60** as

grounds for his Motion for Reconsideration. (Doc. 42). Additionally, he addresses relation-back issues regarding the Motions to Dismiss. *Id.* To date, Plaintiff has not filed a proposed, amended complaint or proposed Responses to the Motions to Dismiss.

## II.  ANALYSIS

### A.  Legal Authority

"Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." **FED. R. CIV. P. 59(e)**. The Seventh Circuit has ruled "any post-judgment substantive motion that is made within ten days of the judgment is deemed a **Rule 59(e)** motion." ***United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)**. A substantive motion can be described as a motion "that if granted would result in a substantive alteration in the judgement." ***United States v. Gargano*, 826 F.2d 610, 611 (7th Cir. 1987)**. In this case, Williams moved for reconsideration only seven days after judgment. Consequently, his motion is governed by **Rule 59(e)**.

Accordingly, Plaintiff's **Rule 59(e)** motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." ***LB Credit Corp v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (citations omitted)**. It is at a district court's discretion as to whether reconsideration is warranted under **Rule 59(e)**. *See **Pickett v. Prince*, 207 F.3d 402, 407 (7th Cir. 2000)**. To support a motion for reconsideration based on newly

discovered evidence, the moving party must show it did not know and reasonably could not have discovered with reasonable diligence the evidence proffered in the motion for reconsideration until after judgment was rendered. ***Caisse Nationale de Credit v. CBI Industries*, 90 F.3d 1264, 1269 (7th Cir. 1996)**. Therefore, a motion made pursuant to **Rule 59(e)** cannot be used as "a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment." ***Moro v. Shell Oil Co.*, 91 F.3d 872, 875 (7th Cir. 1996)**.

In ***Caisse***, the Seventh Circuit affirmed the district court's denial of the defendant's motion for reconsideration. ***Caisse*, 90 F.3d at 1269.** In its motion to reconsider, the defendant tried to present evidence that had it could have adduced prior to the district court awarding summary judgment to plaintiff. ***Id.*** The district court held that the proper way for the defendant to make responsive arguments regarding the merits of the plaintiff's summary judgment motion and also offer the proffered evidence was in the defendant's response to plaintiff's summary judgment motion and *not* in a motion to reconsider. ***Id.***

**B.   Plaintiff's Motion**

The Court finds that Plaintiff, in his Motion for Reconsideration, has failed to present newly discovered evidence or identify a mistake of law or fact in this case. Plaintiff merely attempts to argue that he was in the midst of preparing a

Page 4 of 6

Response to the Motions to Dismiss when the Court issued its Order granting these motions and dismissing the case. It appears that Plaintiff had recently discovered evidence which, he asserts, bolsters the allegations plead in his Amended Complaint. However, Plaintiff fails to met the threshold requirement for a **Rule 59(e)** Motion to Reconsider.

First, he has not convinced the Court of the existence of new evidence which would aid to defeat the Motions to Dismiss. He loosely refers to his recent "awareness" that an individual by the name of Jack Howser had information "regarding the allegations made in Plaintiff's Amended Complaint" )(Doc. 36, ¶ 1). However, Plaintiff goes no further in explaining why this "newly-discovered evidence" would be helpful or relevant, when it was discovered and why Plaintiff, with reasonable diligence, could not have discovered it prior to the Court's Order dismissing the case. Such reasons are necessary for the Court, in its discretion, to entertain reconsideration of its prior judgment.

Further, Plaintiff fails to show why, in the interim, he could not have requested an additional extension of time from the Court, or filed his Response and then moved for leave to supplement his Response once he had "discovered" this "new" evidence. The fact is that Plaintiff was granted an extension of time until October 15, 2005, to file his Response to the Motions to Dismiss. The Order dismissing the case was not issued until January 31, 2006. Plaintiff was over his response deadline by more than *three* months without so much as an explanation for his tardiness. Deadlines are created for a reason – so that cases will be handled

in a reasonably expeditious manner. Neither Plaintiff nor his counsel can assume the Court will sit idly by, waiting for someone to just eventually file the necessary documents regardless of the deadlines set out by the rules.

Secondly, Plaintiff continues in his Motion, as well as his Reply, to argue the merits of Defendants' Motions to Dismiss. This is wholly inappropriate in a **Rule 59(e)** Motion. *See, e.g., Moro*, **91 F.3d at 875**. Plaintiff had his chance to include these arguments in a Response to the Motions to Dismiss. Plaintiff's failure to do so then will not constitute an entitlement to do so now. As such, the Court will not entertain Plaintiff's arguments on the merits.

Third, Plaintiff has not argued that the Court made a mistake of law or fact in dismissing this case. The Court finds that Plaintiff has failed to make a proper showing under the **Rule 59(e)** requirements to allow the Court to reconsider its judgment. Moreover, in its discretion, the Court does not feel reconsideration would be appropriate given the arguments as asserted by Plaintiff in his Motion to Reconsider.

### III.  CONCLUSION

Plaintiff's Motion for Reconsideration (Doc. 36), made pursuant to **Rule 59(e)**, is hereby **DENIED**.

**IT IS SO ORDERED.**

Signed this 22nd day of June, 2006.

/s/         David   RHerndon
**United States District Judge**